UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDALE MIDDLETON,

       Plaintiff,                      No. 18-10039

v.                                      District Judge Matthew F. Leitman
                                        Magistrate Judge R. Steven Whalen

OCTAPHARMA PLASMA, INC.,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

On January 4, 2018, Plaintiff Cardale Middleton, proceeding *pro se* (without a lawyer), filed a civil complaint against his former employer, Octapharma Plasma, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Before the Court is Defendant's motion to dismiss [Doc. #12], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

### I.    FACTS

Mr. Middleton was an employee of Defendant. In his complaint, he alleges violations of Title VII based on race and gender. His employment was terminated in or shortly after January, 2016. His complaint states that he filed a charge of discrimination with the EEOC on January 14, 2016. *Complaint* [Doc. #1], Pg. ID 7. He further states that the EEOC issued a Right to Sue letter which he received on February 4, 2016. *Id*. He filed his complaint in this Court on January 4, 2018.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

Before filing a federal civil complaint alleging racial or gender discrimination under Title VII, a plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue letter. 42 U.S.C. § 2000e-5(e)(1); *Amini v. Oberlin Coll.,* 259 F.3d 493, 498 (6th Cir.2001); *Rivers v. Barberton Bd. Of Educ.,* 143 F.3d 1029, 1032 (6th Cir.1998) (right-to-sue letter is a condition precedent to filing claim). The civil complaint must then be filed within 90 days of the plaintiff's receipt of the right to sue letter. 42 U.S.C. § 2000e-5(f)(1); *see also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publishing Co.,* 839 F.2d 1147, 1150 (6th Cir.1988), *cert. denied,* 488 U.S. 899 (1988). The 90-day limit is strictly enforced. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). *See also, Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 (6th Cir.2000).

Because the 90-day limit is not jurisdictional, it is, under exceptional circumstances, subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). The Sixth Circuit noted that this doctrine should be used "sparingly," and that "[a]bsent a satisfactory explanation for his failure to timely file," a habeas petitioner (or a civil plaintiff) would not be entitled to its benefit. *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir.2001). The burden is on the plaintiff to show entitlement to equitable tolling. See *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th

-3-

Cir.2000).

In *Dunlap*, the Sixth Circuit adopted the five-part test of *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), to determine if equitable tolling is appropriate. The five factors to be balanced are: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim.

In his response to the Defendant's motion [Doc. #14], Mr. Middleton does not address the untimeliness of his complaint, and offers no explanation that would justify equitable tolling. In terms of the five *Dunlap* factors, both the right to sue letter and the form civil complaint informed him of the 90-day deadline for filing, so he had actual knowledge of that requirement, and there would be no reasonable basis for him to remain ignorant of the requirement. He filed his complaint almost two years after he received the right to sue letter, so it cannot be said that he was diligent in pursuing his rights. The extraordinary delay is inherently prejudicial to the Defendant. Mr. Middleton has not met his burden of entitlement to the extraordinary remedy of equitable tolling.

Because Mr. Middleton filed his complaint well outside Title VII's 90-day limit, his complaint must be dismissed.

### IV. CONCLUSION

I recommend that Defendant's motion to dismiss [Doc. #12] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/ R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 2, 2018, electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager to the
                                                  Honorable R. Steven Whalen