UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDALE MIDDLETON,

    Plaintiff,
                                            Case No. 18-cv-10039
                                            Hon. Matthew F. Leitman

v.

OCTAPHARMA PLASMA INC.,

    Defendant.
_____/

**ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #18); (2) ADOPTING IN PART RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF #17); (3) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (4) GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT**

In this action, Plaintiff Cardale Middleton ("Middleton"), proceeding *pro se*, alleges that Defendant Octapharma Plasma, Inc. ("Octapharma"), his former employer, discriminated against him on the basis of his race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. (*See* Compl., ECF #1.) Middleton alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 14, 2016 and that he received from the EEOC a Right to Sue Letter on February 4, 2016. (*See id.* at Pg. ID 7.) Middleton did not file this action until January 4, 2018.

Octapharma has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Middleton failed to file it within 90 days of receiving the Right to Sue Letter, as required by 42 U.S.C. § 2000e-5(f)(1). (*See* ECF #12.) The assigned Magistrate Judge has issued a Report and Recommendation in which he suggests that the Court grant the motion to dismiss and dismiss this action with prejudice (the "R & R"). (ECF #17.) In the R & R, the Magistrate Judge notes that, under limited circumstances, the 90-day period is subject to equitable tolling. (*See id.* at Pg. ID 77.) But the Magistrate Judge concludes that equitable tolling does not save Middleton's claims because "[i]n his response to the Defendant's motion [Doc. #14], Mr. Middleton does not address the untimeliness of his complaint, and offers no explanation that would justify equitable tolling." (*Id.* at Pg. ID 78.)

Middleton has filed an objection to the R & R in which he appears to offer an explanation for the delay in filing. (*See* ECF #18.) For the reasons below, the Court will sustain in part and overrule in part the objection.

The Court agrees with the determination in the R & R that the Complaint should be dismissed because (1) it is apparent from the face of the Complaint that the 90-day period for bringing the claims has passed and (2) the Complaint contains no allegations that, if proven, would support equitable tolling of the 90-day period. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("The obligation

to plead facts in avoidance of the statute of limitations defense is triggered by the fact that 'it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'") (quoting *Hoover v. Langston Equip. Assocs., Inc.,* 958 F.2d 742, 744 (6th Cir.1992)). But the Court respectfully disagrees with the suggestion in the R & R that the dismissal be with prejudice.

As noted above, the R & R recommends dismissal with prejudice on the basis that Middleton made no effort to, and presumably could not, plead facts sufficient to warrant equitable tolling. However, while Middleton did not address the reasons for his delayed filing in his first response to the motion to dismiss, he did appear to address the reasons for his delay at least to some extent in his second response to the motion – which was filed a week after his first response and still within the time allowed for a response to a dispositive motion. (*See* ECF #15.) It is not clear that the Magistrate Judge recognized that Middleton filed his second response. And while the Court's Local Rules do not provide for a second response, in light of Middleton's *pro se* status and the posture of these proceedings, the Court will consider the second response.

Middleton's second response is difficult to follow, and it offers an explanation for his delay in filing that may well be insufficient to satisfy the Sixth Circuit's test for equitable tolling (as described in *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017)). But the Court believes that Middleton should be given an

3

opportunity to file a First Amended Complaint that contains specific factual allegations aimed at satisfying the Sixth Circuit's test for equitable tolling. Accordingly, the Court will permit Middleton to file a First Amended Complaint. The Court cautions Middleton that his First Amended Complaint will be subject to dismissal with prejudice if it does not include specific, plausible factual allegations sufficient to satisfy the Sixth Circuit's test for equitable tolling of the 90-day period as described in *Zappone*.

    **IT IS HEREBY ORDERED** that:

1. Middleton's objection to the R & R is **OVERRULED** to the extent that he challenges the recommendation that the Court dismiss the Complaint but is **SUSTAINED** to the extent that he challenges the recommendation that the Court dismiss the Complaint with prejudice;

2. The disposition recommended in the R & R is **ADOPTED** to the extent that it recommends dismissing Middleton's Complaint, but it is **REJECTED** to the extent that it recommends that the dismissal be with prejudice;

3. The Complaint is **DISMISSED WITHOUT PREJUDICE**;

4. By not later than **October 1, 2018**, Middleton shall file a First Amended Complaint which shall contain specific plausible factual allegations sufficient to satisfy the Sixth Circuit's test for equitable tolling described in *Zappone*; and

5. By not later than **October 31, 2018**, Octapharma may answer or otherwise respond to the First Amended Complaint (including by moving to dismiss the First Amended Complaint on the ground that its allegations of equitable tolling are insufficient).

**IT IS SO ORDERED**.

Dated: August 24, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764