UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDALE MIDDLETON,

               Plaintiff,                       No. 18-10039

v.                                  District Judge Matthew F. Leitman
                                  Magistrate Judge R. Steven Whalen

OCTAPHARMA PLASMA, INC.,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

On January 4, 2018, Plaintiff Cardale Middleton, proceeding *pro se* (without a lawyer), filed a civil complaint against his former employer, Octapharma Plasma, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  Before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint [Doc. #23], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Procedural Background

Plaintiff Cardale Middleton, proceeding *pro se*, originally filed his complaint in this Court on January 4, 2018, alleging that Defendant Octapharma

Plasma, Inc. ("Octapharma") violated Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e, *et seq*.

On February 26, 2018, Defendant filed a motion to dismiss [Doc. #12, Pg. ID 32] seeking dismissal for untimely filing and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff submitted a first response on February 26, 2018 [Doc. #14], followed by a second response on March 3, 2018 [Doc. #15], where he expressed his reasons for delayed filing as voluntary admission to the Samaritan Behavioral Center before the 90 day deadline, *Id*. [Pg. ID 66] and his case being dropped by his lawyer, coupled with his belief that he had "two years from the date to bring [his] lawsuit to court." *Id*. [Pg. ID 61]. On August 2, 2018, I recommended that the case be dismissed as time-barred [Doc. #17]. Upon Plaintiff's objection filed August 15, 2018 [Doc. #18], Judge Matthew F. Leitman dismissed Plaintiff's complaint without prejudice but allowed Plaintiff to file a First Amended Complaint ("FAC") by October 1, 2018 with specific plausible factual allegations sufficient to satisfy the Sixth's Circuit equitable tolling test described in *Zappone v. United States,* 870 F.3d 551 (6th Cir. 2017) [Doc. #19, Pg. ID 88].

Plaintiff filed his FAC on September 28, 2018 [Doc. #20]. On October 20, 2018, Defendant filed a motion to dismiss on the grounds that Plaintiff's

allegations were insufficient to support equitable tolling [Doc #23].  On November 30, 2018, Plaintiff filed a response to Defendant's motion to dismiss, further clarifying the reasons as to why he delayed in filing within the 90 day period [Doc. #25]. Defendant filed a reply on December 14, 2018, stating that Plaintiff failed to state "'specific factual allegations' in compliance with the *Zappone* factors." [Doc. #26, Pg. ID 270].

## B.    Factual Background[1]

Mr. Middleton was terminated from Octapharma in or shortly after January 2016. He filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2016. [Doc. #23-4, Pg. ID 213], alleging that Octapharma discriminated against him based on race and gender under Title VII during his employment. He received a Dismissal and Notice of Rights from the EEOC on February 4, 2016. [Doc. #23-2, Pg. ID 204]. He filed his complaint to

---

[1] Plaintiff's FAC, like his original complaint, is a bit rambling, specifically with regard to his reasons for not timely filing his complaint. I recognize that Plaintiff is proceeding without counsel, and will therefore give his pleadings a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  With this in mind, in assessing whether equitable tolling should apply I will consider not only the FAC, but Plaintiff's original complaint [Doc. #1] and his response to Defendant's first motion to dismiss [Doc. #15], in which he submitted exhibits documenting his admission to and discharge from in-patient mental health treatment.

this Court almost two years later, on January 4, 2018. [Doc. #1].

Plaintiff proffers the following reasons why his complaint was untimely. He voluntarily entered the Samaritan Behavioral Center on March 28, 2016, 53 days after receiving the Dismissal and Notice of Rights from the EEOC. [Plaintiff's response to first dismissal motion Doc. #15, Pg. ID 66]. Plaintiff also submitted a "Notice of Intent to Terminate Hospitalization" form signed by himself on April 1, 2016 and by staff on April 5, 2016, the latter being 61 days after the notice from the EEOC.  *Id*. Pg. ID 65. Plaintiff received a letter from his attorney, Clifford Paskel, dated May 9, 2016, 95 days after receiving the notice from the EEOC, stating that Mr. Paskel would not be taking any further action on Plaintiff's behalf, but that Plaintiff "may not be able to bring a Federal Claim within the 90 day limit [and Plaintiff has] three (3) years from the date of discrimination to file a case in State rather than Federal Court." *Id*. Pg. ID 68. Plaintiff stated that he believed "an initial complaint was made by the lawyer who was acting on [his] behalf at the time. And [the lawyer] leaving [him] was the case being dropped." *Id*. Pg. ID 62. Plaintiff also stated that "after a month [his] case was dropped and [he] was informed [he] had two years from the date to bring [his] lawsuit to court." *Id*. Pg. ID 61.

In Plaintiff's First Amended Complaint, he states he sought legal help even though he was in a "state of extreme fear and paranoia" and found it difficult to talk about the discrimination [Doc. #20, Pg. ID 103]. Plaintiff states he was "diagnosed with bipolar disorder based on false claims and medicated with over 4 different medications." *Id*. Pg. ID 104. This, coupled with the discrimination at work, harassment after employment from outside forces, and the anxiety from having to file a complaint, led the Plaintiff to believe he developed post-traumatic stress disorder (PTSD). Plaintiff states the reason he failed to abide by the federal filing deadline was due to this "mental disability along with ongoing harassment." *Id*, Pg. ID 105. When he was informed by his attorney that their legal representation was over, Plaintiff began to handwrite a complaint. *Id*. Pg. ID 104.

In Plaintiff's Response to Defendant's Motion to Dismiss the First Amended Complaint, he states that he would become nauseous and fatigued when reading letters from the EEOC or his attorney and would sometimes be unable to finish reading the letters [Doc. #25, Pg. ID 260]. Plaintiff states he was in "psychiatric incarceration" before and after the 90 day deadline. *Id*. Pg. ID 264.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6)

motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as

follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.    DISCUSSION

Before filing a federal civil complaint alleging racial or gender discrimination under Title VII, a plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue letter.  42 U.S.C. § 2000e-5(e)(1); *Amini v. Oberlin Coll.,* 259 F.3d 493, 498 (6th Cir.2001); *Rivers v. Barberton Bd. Of Educ.,* 143 F.3d 1029, 1032 (6th Cir.1998) (right-to-sue letter is a condition precedent to filing claim). The civil complaint must then be filed within 90 days of the plaintiff's receipt of the right to sue letter.  42 U.S.C. § 2000e-5(f)(1); *see also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publishing Co.,* 839 F.2d 1147, 1150 (6th Cir.1988), *cert. denied,* 488 U.S. 899 (1988).  The 90-day limit is strictly enforced.  *See Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). *See also, Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 (6th Cir.2000).

Because the 90-day limit is not jurisdictional, it is, under exceptional circumstances, subject to equitable tolling.  The Sixth Circuit considers five factors

when determining the appropriateness of equitably tolling a statute of limitations: "1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack of constructive knowledge of the filing requirement; 3) the plaintiff's diligence in pursuing [his] rights; 4) an absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Zappone v. United States,* 870 F.3d 551, 556 (6th Cir. 2017) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Equitable tolling is to be determined on a case-by-case basis. *Truitt,* 148 F.3d at 648*.* "'[A] litigant's failure to meet a legally-mandated deadline' due to 'unavoidab[le] ... circumstances beyond that litigant's control' is often the most significant consideration in courts' analyses, rather than any particular factor of the five-part standard." *Zappone*, 870 F.3d at 556 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

The Supreme Court has limited the use of equitable tolling, cautioning federal courts to use it sparingly against private litigants. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). *See also Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003)(" [T]he Supreme Court has made clear that tolling in a Title VII context should be allowed 'only sparingly' "). Equitable tolling will not be granted based on "a garden variety claim of excusable neglect." *Irwin* at 95.

In this case, the Plaintiff points to two circumstances in support of his request for equitable tolling: (1) his mental condition, including his brief admission to an in-patient facility, and (2) misunderstanding of his lawyer's advice.  Neither is sufficient.

Equitable tolling may apply if the plaintiff is hindered in making a complaint due to a mental illness. *Hardy v. Potter*, 191 F. Supp. 2d 873, 880 (E.D. Mich. 2002)("It appears that given the circumstances of a case, equitable tolling may apply where a plaintiff is unable to bring a complaint because of her/his mental illness"). To obtain equitable tolling based on mental incompetency, "a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Kitchen v. Bauman*, 629 F.App'x 743, 747 (6th Cir. 2015) (quoting *Ata v. Scutt,* 662 F.3d 736, 742 (6th Cir. 2011) (court granted hearing on equitable tolling when pro-se plaintiff alleged he did not understand the one-year limitation placed on habeas petitioners due to his numerous hospitalizations for paranoid schizophrenia and current medicated state by the Michigan Department of Corrections for paranoid schizophrenia and other psychoses)). However, mental incompetency alone is not a reason for equitable tolling. *Kitchen,* 629 F.App'x at 747. A Plaintiff has the burden of production and persuasion to show that the

untimely filing was due to mental incompetency. *Ata,* 662 F.3d at 741. The Sixth

Circuit has granted equitable tolling when the petitioner has medical evidence that

he was institutionalized or adjudicated mentally incompetent. *Hardy,* 191 F. Supp.

2d at 880-881 (equitable tolling granted when plaintiff had medical diagnosis of

dementia and received retirement disability from Government based on dementia)*;*

*see also Bassett v. Sterling Drug, Inc.,* 578 F. Supp. 1244, 1248 (S.D. Ohio 1984)

("in an ADEA suit between private parties, the period for filing a charge with the

Equal Employment Opportunity Commission may be tolled, in the discretion of

the Court, for that period of time during which the claimant was adjudicated

mentally incompetent or institutionalized under a diagnosis of mental

incompetence."). In short, evidence of a mental disability alone is insufficient to

justify equitable tolling. *See Nunnally v. MacCausland*, 996 F.2d 1, 5 (1st Cir.1993)

(indicating that cases applying equitable tolling based on mental illness "eschew reliance

solely on a diagnosis"); *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 580

(D.C.Cir.1998) (to warrant equitable tolling, the plaintiff's disability 'must be 'of such a

nature as to show she is unable to manager her business affairs or estate, or to

comprehend her legal rights or liabilities.'").

　　In the present case, there is no showing that the Plaintiff was ever adjudged to be

mentally incompetent.  Plaintiff alleges that he voluntarily entered the Samaritan

Behavioral Center on March 28, 2016, 53 days after he had received notice from the EEOC. Plaintiff signed a "Notice of Intent to Terminate Hospitalization" form four days later, on April 1, 2016. Staff signed this notice on April 5, 2016, 61 days after Plaintiff received notice from the EEOC, and Plaintiff was released with 29 days to file a claim with this Court. Yet, he then waited almost two years to file his complaint with this Court.  Although he self-diagnoses PTSD, and states that he was in an "extreme state of fear and paranoia," Plaintiff falls short of providing any basis to conclude that he was incompetent, *see Bassett*, or that he was unable to handle his affairs or comprehend his legal rights, *see Smith–Haynie*.  To the contrary, both his amended complaint and his response to the Defendant's motion show that Plaintiff was able to file a timely complaint with the EEOC and seek legal assistance, and that he understood that there was a time limit for filing in this Court, even though he may have misunderstood the scope of the time limit.

Thus, while the Plaintiff may have suffered from some mental health problems, they did not reach the level that would justify the extraordinary remedy of equitable tolling.

Plaintiff also contends that he received a letter from his attorney shortly after the 90 day limitations period had passed, informing him that counsel would no longer be pursuing the case on his behalf.  Plaintiff indicates that his attorney also told him that he had two years to file his employment discrimination case in state court.  In some cases, an

attorney's unprofessional conduct can be so egregious as to create "an extraordinary circumstance" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 652 (2010)((equitable tolling granted when counsel failed to file client's federal petition on time, failed to research proper filing date, failed to timely inform client that Florida Supreme Court had decided his case, and failed to communicate with client over several years despite numerous letters from client requesting all this information). However, "garden variety" attorney errors, such as miscalculating deadlines, do not justify equitable tolling. *Id*. at 651-52. In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court, rejecting an attorney's miscalculation of a filing deadline as a basis for equitable tolling, remarked, "If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling...."

So, neither the Plaintiff's mental condition nor the advice or mis-advice of his attorney provides a basis for equitable tolling. In view of this, and with reference to the *Zappone* factors, Plaintiff has not shown entitlement to that equitable remedy. First, he did not lack either actual or constructive notice of the filing requirement, which was contained in the Dismissal and Notice of Rights that he admits having received from the EEOC on February 4, 2016 (Doc. #23-2, Pg. ID 204). Second, although he was diligent in initially pursuing his rights by way of his EEOC complaint and his seeking legal

-12-

advice, he was not diligent after receiving his Notice of Rights.  Even if we granted him some leeway because of his short, voluntary in-patient admission, he still had almost a month left of the 90-day limitations period after he was discharged, yet even after he found out that his lawyer would no longer be representing him, he did not file in this Court for almost two years.

The only identifiable prejudice to the Defendant is the passage of time; I will consider this factor neutral.

Finally, in determining reasonableness in remaining ignorant of the filing requirement, the Sixth Circuit considers whether a plaintiff is *generally* aware of his or her rights.  *See Jackson v. Richards Medical Co.*., 961 F.2d 575, 580 (6th Cir. 1992)("When an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the [limitation] period. A contrary result would permit an aggrieved employee aware of his general rights to sit on those rights until he leisurely decided to take action")(quoting and adopting the Eleventh Circuit's decision in *McClinton v. Alabama By–Products Corp*., 743 F.2d 1483 (11th Cir.1984)).  Here, Plaintiff filed a claim with the EEOC on time, received actual notice of the filing requirement, and sought legal assistance. Plaintiff's references to fear, paranoia, and becoming sick and unable to read letters from the EEOC or his lawyer are not reasonable excuses given his general awareness of his rights. Mr. Middleton has failed to offer specific factual allegations that would make his

grossly untimely complaint eligible for equitable tolling under the *Zappone* standard.

### IV.   CONCLUSION

I recommend that Defendant's motion to dismiss Plaintiff's first amended complaint [Doc. #23] be GRANTED and that said complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within

the objections.

s/R.  Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 10, 2019

## CERTIFICATE OF SERVICE

I hereby certify on July 10, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 10, 2019.

s/Carolyn M. Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen

-15-