UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDALE MIDDLETON,

    Plaintiff,

v.

OCTAPHARMA PLASMA INC.,

    Defendant.
_____/

Case No. 18-cv-10039
Hon. Matthew F. Leitman

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #28); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF #27); (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #23); AND (4) DISMISSING ACTION WITH PREJUDICE**

In this action, Plaintiff Cardale Middleton ("Middleton"), proceeding *pro se*, alleges that Defendant Octapharma Plasma, Inc. ("Octapharma"), his former employer, discriminated against him on the basis of his race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*.

Middleton filed his initial Complaint in this action in January of 2018. The Court dismissed that Complaint without prejudice on the ground that it was not timely filed. (Order, ECF #19.) But the Court granted Middleton leave to file an Amended Complaint in which he could plead specific facts that, if proven, would entitle him to equitable tolling of the limitations period. (*See id*.) In an effort to point Middleton to the controlling test for equitable tolling, the Court directed Middleton

1

to the Sixth Circuit's decision in *Zappone v. United States*, 870, F.3d 551 (6th Cir. 2017). (*See id.*)

Middleton filed his First Amended Complaint on September 28, 2018. (*See* Am. Compl., ECF #20.) Octapharma moved to dismiss the Amended Complaint as time-barred on October 30, 2018. (*See* Mot. to Dismiss Am. Compl., ECF #23.) The assigned Magistrate Judge has issued a Report and Recommendation ("R & R") in which he recommends that the Court grant Octapharma's motion. (*See* R & R, ECF #27.) In the R & R, the Magistrate Judge opines that Middleton has failed to allege sufficient facts to warrant equitable tolling and that without such tolling, the claims in the Amended Complaint are time-barred. (*See id.*)

Middleton has filed objections to the R & R ("Objections"). (*See* Objections, ECF #28.) For the reasons explained below, the Objections are **OVERRULED**, the recommended disposition of the R & R is **ADOPTED**, Octapharma's motion is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

I

Where a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. See Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II**

Middleton's Objections are difficult to follow. He failed to identify, or cite to, any specific portion of the R & R or any particular finding of the Magistrate Judge with which he disagrees. Instead, the bulk of Middleton's Objections seem to either restate Middleton's grievances against Octapharma or restate his mental and physical health issues. Middleton's contentions amount to a general objection to the R & R *in toto*. That sort of objection is insufficient. As the Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec. of Health and Human Svs.*, 932 F.2d 505, 509 (6th Cir. 1991). Middleton's general objection, if allowed, would lead to the precise type of "duplication of time and effort" that the Sixth Circuit warned against in *Howard*.

The Court recognizes that Middleton is proceeding *pro se* and that his filings should thus be liberally construed. But the Magistrate Judge advised him that his failure to make "specific objections" would waive his right to further review of the R & R. (*See* R & R, ECF #27 at Pg. ID 286.) And, as noted above, Middleton did

3

not specifically object to any portion of the R & R. Accordingly, Middleton is not entitled to relief.

In any event, even if the Court were to reach the merits of Middleton's Objections, it would not sustain them. Middleton cites two cases that, he appears to contend, support application of equitable tolling here. Those cases are *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999) and *Nasouluck v. DeAngelo-Kipp*, 2016 WL 4089212 (E.D. Mich. Aug. 2, 2016). Neither controls here nor entitles Middleton to equitable tolling.

In *Stoll*, the Ninth Circuit held that extreme circumstances – including rape, sexual harassment, and abuse by co-workers and supervisors – warranted equitable tolling. *Stoll*, 165 F.3d at 1242-43. The egregious abuse left her mentally incapacitated and unable to even communicate with her lawyer except through her psychiatrist. *Id.* at 1240-41. The circumstances and alleged mistreatment by co-workers here do not rise to that level. Moreover, the court in *Stoll* did not apply the multi-factor test for equitable tolling that is applied in this circuit and set forth in *Zappone*. For these reasons, *Stoll* does not warrant equitable tolling of the limitations period here.

Nor does *Nasouluck* support Middleton's request for equitable tolling. The court in that case declined to equitably toll the statute of limitations because, among other reasons, the habeas petitioner failed to show that he was mentally incompetent.

4

*Id.* at *4. Here, as explained in the R & R, Middleton similarly failed to allege that his claimed mental conditions rose to the level of incompetence. (*See* R & R, ECF #27 at Pg. ID 281-86.)

Finally, the Court rejects any contention by Middleton that equitable tolling applies based upon erroneous advice from his prior lawyer. As the Magistrate Judge correctly concluded, garden-variety errors by counsel generally do not warrant equitable tolling, and Middleton has not shown that any alleged error by his attorney supports application of equitable tolling here.

For these reasons, the Court **OVERRULES** Middleton's Objections to the R & R.

### III

**IT IS HEREBY ORDERED** that:

1. Middleton's objections to the R & R are **OVERRULED**;
2. The disposition recommended in the R & R is **ADOPTED**;
3. Octapharma's motion to dismiss is **GRANTED**; and
4. The First Amended Complaint is **DISMISSED WITH PREJUDICE**;

**IT IS SO ORDERED**.

                                                    s/Matthew F. Leitman
                                                    MATTHEW F. LEITMAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: August 1, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2019, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (810) 341-9764